**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2126-18T2

TARA J. KUMOR,

      Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and FOURANS, LLC,

      Respondents.

_____

Argued telephonically May 19, 2020 –
Decided June 18, 2020

Before Judges Accurso and Gilson.

On appeal from the Board of Review, Department of
Labor, Docket No. 157,035.

Tara J. Kumor, argued the cause pro se.

Rimma Razhba argued the cause for respondent Board
of Review (Donna Sue Arons, Assistant Attorney
General, of counsel; Rimma Razhba, Deputy Attorney
General, on the brief).

PER CURIAM

Tara J. Kumor appeals from the final decision of the Board of Review disqualifying her from receipt of unemployment compensation pursuant to N.J.S.A. 43:21-5(a). The Board determined that Kumor left her job without good cause attributable to the work. We affirm.

Kumor was employed by a staffing agency, Fourans, LLC, and assigned to the Department of Community Affairs where she worked as a paralegal in the Sandy Recovery Division in an open-ended assignment that began in April 2017. Kumor testified at the hearing before the Appeal Tribunal that she resigned after being asked to sign a legal document on behalf of the agency that made her very uncomfortable. When she refused, the person asking her to sign the document told Kumor she was uncooperative and would have someone else sign in her stead.

Kumor thereafter sent an email to her supervisor at Community Affairs explaining that she would "not be renewing [her] contract" and would be "filing for unemployment as a quit with good cause or contract ended." She wrote that she believed her colleagues in the Sandy Recovery Division "value[d] [her] work — but the State of New Jersey does not and that is a breach of the social contract." Her supervisor at the State replied in an email two hours later stating she and her colleagues "appreciate[d] [Kumor's] hard

work and would be happy if you change your mind and decide to stay." Kumor wrote the same day to Fourans, stating she "would like to be available for assignments but not with the State of New Jersey. The State is bankrupt." Kumor also testified she contacted the Division of Vocational Rehabilitation for assistance, which it provided in some fashion, and that she'd quit the Sandy Recovery Division "in haste," but that she had not "quit Fourans." Kumor admitted seeking unemployment benefits four days after her resignation from the State.

A representative of Fourans testified at the hearing that Fourans knew Kumor had "tendered her resignation to [its] client," the State of New Jersey, but was not made aware that the State had allowed Kumor the opportunity to rescind her resignation, or that she was seeking assistance from the Division of Vocational Rehabilitation. The representative claimed that Kumor quit her full-time assignment before contacting Fourans and applied for unemployment benefits only days later, thus clearly indicating her unwillingness to continue employment.

After hearing the testimony and considering the documents submitted in evidence, the Appeal Tribunal determined that Kumor left work voluntarily without good cause attributable to the work. The Tribunal reasoned that

Kumor was "in an ongoing long-term assignment . . . which would not have ceased if not for her voluntary resignation," underscored by the language in her resignation letter indicating that she would be "'filing for unemployment as a quit with good cause or contract ended.'" The Tribunal rejected Kumor's contention that she left with good cause attributable to the work because being termed "uncooperative" or "[f]eeling undervalued, or that the client was 'bankrupt' does not constitute good cause to justify voluntarily leaving." Acknowledging Kumor's concern about being asked to sign a legal document on behalf of the agency, the Tribunal noted her resignation letter did not mention the incident, but found that had her resignation "been due to being asked to perform an act that was inappropriate or illegal," her failure to grieve the matter with her employer, Fourans, "prior to resigning constitutes a failure to do what was necessary and reasonable in order to remain employed." The Board of Review found Kumor had been afforded a full and impartial hearing and "agree[d] with the decision reached" on "the basis of the record below."

Kumor appeals, arguing the Board's decision was arbitrary because she was "available for work" as assigned by Fourans, just not with the State of New Jersey. She also contends her refusal to execute the document she was asked to sign was reasonable in accordance with professional codes.

4

Our review of administrative agency decisions is limited. In re Stallworth, 208 N.J. 182, 194 (2011). The agency's determination carries a presumption of correctness, and the claimant bears a substantial burden of persuasion. Gloucester Cty. Welfare Bd. v. N.J. Civil Serv. Comm'n, 93 N.J. 384, 390-91, 397 (1983).

"If the Board's factual findings are supported by 'sufficient credible evidence, [we] are obligated to accept them.'" Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). "Unless . . . the agency's action was arbitrary, capricious, or unreasonable, the agency's ruling should not be disturbed." Ibid.

Under N.J.S.A. 43:21-5(a), a person is ineligible for unemployment benefits if he or she leaves work voluntarily without good cause attributable to the work. "[G]ood cause" is "a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment." N.J.A.C. 12:17-9.1(b). "Mere dissatisfaction with working conditions which are not shown to be abnormal or do not affect health, does not constitute good cause for leaving work voluntarily." Domenico v. Bd. of Review, 192 N.J. Super. 284, 288 (App. Div. 1983) (quoting Medwick v. Bd. of Review, 69 N.J. Super. 338, 345 (App. Div.

1961)).  "The decision to leave employment must be compelled by real, substantial and reasonable circumstances not imaginary, trifling and whimsical ones."  Ibid.

Reviewing the record in light of those standards convinces us that we have no cause to disturb the Board's determination that Kumor is disqualified from receiving unemployment benefits.  The Appeal Tribunal heard the testimony of the witnesses and determined that Kumor voluntarily left an on-going assignment, saying she would be applying for unemployment benefits "as a quit with good cause" and then applied for such benefits only days later.  The Tribunal's conclusion, affirmed by the Board, was that Kumor quit voluntarily without good cause attributable to the work and did not take all reasonable steps to remain employed by contacting her employer, Fourans, before leaving her assignment at Community Affairs.  As there was ample proof in the record to support that conclusion, we are obligated to accept it.  Brady, 152 N.J. at 210.  Although we have no doubt that Kumor testified candidly that she left her employment with what she determined to be good cause, we are equally convinced that she does not qualify for unemployment benefits under the statute.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2126-18T2